IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Monique Harris Hopkins, | ) | |
| | ) | Civil Action No. 6:12-2973-RBH-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) DSC, concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[2]

The plaintiff, who is proceeding *pro se*, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

On March 25, 2013, the Commissioner moved to dismiss the plaintiff's complaint for failure to commence her civil action within the statute of limitations provided for in Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  The plaintiff filed a response in opposition to that motion on April 8, 2013, and the Commissioner filed a reply on April 17, 2013.

---

[1]  Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Fed.R.Civ.P. 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this case.

[2]A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed applications for disability insurance benefits and supplemental security income benefits on August 22, 2008, alleging that she became unable to work on October 1, 2006.  The applications were denied initially and on reconsideration by the Social Security Administration.  On April 27, 2010, the plaintiff requested a hearing.  The administrative law judge ("ALJ"), before whom the plaintiff, who was at that time represented by counsel, appeared on April 12, 2011, considered the case *de novo* and, on April 29, 2011, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended.  The ALJ's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on July 27, 2012.  On that same date, the Appeals Council sent, by mail addressed to the plaintiff[3] with a copy to her representative, notice of its action denying the plaintiff's request for review and of her right to commence a civil action within 60 days from the date of receipt (doc. 26-2, Jones decl. ¶ 3(a) & ex. 2). The plaintiff filed this action for judicial review on October 15, 2012.

## APPLICABLE LAW AND ANALYSIS

It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)).  Judicial review of final decisions on claims arising under Title II or Title XVI of the Act is provided for and limited by section 205(g) of the Act, 42 U.S.C. § 405(g), which reads as follows in pertinent part:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such

---

[3]The notice was addressed to the plaintiff at 31 Crab Apple Road, Camden, SC 29020 (doc. 26-2, Jones decl. ¶ 3(a) & ex. 2).

> decision by a civil action commenced within sixty days after the
> mailing to him of notice of such decision or within such further
> time as the Commissioner may allow. . . .

42 U.S.C. § 405(g).   The 60-day limit in which to file a civil action is a statute of limitations and a waiver of sovereign immunity that must be strictly construed. *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986).  The regulations state that a plaintiff "may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action."  20 C.F.R. § 404.981.  The date of receipt is presumed to be five days after the date on the notice, unless there is a "reasonable showing to the contrary." *See id.* §§ 404.901, 422.210(c).  The Social Security regulations provide that the time limit for filing a civil action may be extended by the Appeals Council "upon a showing of good cause." *Id*. § 422.210(c). The 60-day requirement is not jurisdictional and is subject to equitable tolling. *See Bowen,* 476 U.S. at 481; *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir.1986). However, equitable tolling must be justified by exceptional circumstances. *Hyatt*, 807 F.2d at 378.

Here, the Notice of Appeals Council's Decision is dated July 27, 2012. Accordingly, the plaintiff is presumed to have received it five days later on August 1, 2012. The 60-day time limit to file civil suit began on that day, unless the plaintiff can make a "reasonable showing" that she did not receive the notice. The 60-day period for filing her complaint in federal court expired on October 1, 2012.[4]   The Appeals Council never received a request from the plaintiff for an extension of time beyond the 60 days in which to file her complaint (doc. 26-2, Jones decl. ¶ 3(b) ("[T]he undersigned is not aware of any request for an extension of time to file a civil action . . . ")).  The plaintiff filed the instant action on October 15, 2012, approximately 14 days late.

In response to the motion to dismiss, the plaintiff states that she is "not driving and at the time South Carolina had some bad weather" (doc. 27, pl. resp. at p. 1).  She

---

[4]The sixtieth day, September 30, 2012, was a Sunday. Therefore, the plaintiff's complaint was not due until Monday, October 1, 2012.

further states that she feels that she did all the paperwork correctly and she "really need[s] some help" as she is not a lawyer and is following the rules as best she can (*id.* at p. 3).

The plaintiff has failed to show that she did not receive the Notice of Appeals Council's Decision by August 1, 2012.  *See* 20 C.F.R. §§ 404.901, 422.210(c).  Moreover, while the plaintiff has offered for consideration her particular hardships, these do not amount to the requisite exceptional circumstances to justify equitable tolling.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the undersigned recommends that the Commissioner's motion to dismiss (doc. 26) be granted.

> s/Kevin F. McDonald
> United States Magistrate Judge

August 5, 2014
Greenville, South Carolina