IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Monique Harris Hopkins, ) | Civil Action No.: 6:12-cv-2973-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security ) | |
| Administration,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Monique Harris Hopkins ("Plaintiff"), proceeding *pro se*, filed this appeal of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits and Supplemental Security Income. *See* Compl, ECF No. 1. In response, the Commissioner filed a motion to dismiss asserting that Plaintiff failed to commence her civil action within the statute of limitations provided for by Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). *See* Mot., ECF No. 26. Plaintiff timely filed a response in opposition to this motion on April 8, 2014, *see* ECF No. 27, and the Commissioner filed a reply on April 17, 2013, *see* ECF No. 28.

The matter is now before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. *See* R & R, ECF No. 34. In the R & R, the Magistrate Judge recommends that the Court grant Defendant's motion and dismiss this case. *See id.* at 4.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this lawsuit.

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In the R & R, the Magistrate Judge recommends the Court find that this action was not commenced within the applicable limitations period. *See* R & R, ECF No. 34 at 4. The Magistrate Judge noted that the ALJ's decision became the final decision of the Commissioner on July 27, 2012, which was the date the Appeals Council approved the ALJ's findings. *See* Appeal Council Decision, ECF No. 26-2 at 22–26. On that date, the Appeals Council sent Plaintiff notice of denial of her request for review and of her right to commence a civil action within 60 days from the date of receipt of the notice. *See id.* The social security regulations specifically provide that a plaintiff "may file an action in a Federal district court within 60 days after the date you receive notice of the Appeal's council's action." 20 C.F.R. § 404.981. The date of receipt is presumed to be five days

after the date on the notice, unless there is some "reasonable showing to the contrary." *See* 404.901; 20 C.F.R. §§ 422.210(c). The Appeals Council, however, may extend the time period "upon a showing of good cause." 20 C.F.R. §§ 422.210(c). Furthermore, equitable tolling may apply if exceptional circumstances are shown. *See Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986).

As the Magistrate Judge correctly explained, the Notice of Appeals Council Action was dated July 27, 2012. Therefore, Plaintiff was presumed to have received it five days later, which was August 1, 2012. The Appeals Council did not grant any extensions. *See* ECF No. 26-2 at ¶ 39(b). Therefore, Plaintiff had sixty days from August 1, 2012 to file a complaint in this Court, which resulted in a deadline of October 1, 2012.[2] Plaintiff, however, did not commence this action until October 15, 2012. *See* ECF No. 1. The Magistrate Judge found that Plaintiff had not made a "reasonable showing" that she did not receive the notice, nor had she set forth exceptional circumstances which would warrant equitable tolling. *See* ECF No. 34 at 3–4. Accordingly, the Magistrate Judge recommends the Court find that this action is untimely and grant Defendant's motion to dismiss. *See id.* at 4.

Plaintiff timely filed a response to the R & R. In her response, Plaintiff argues that she "went to file a civil suit and the date was correct, [a]nd if not I do have good cause." *See* ECF No. 36 at 1. Plaintiff argues that when she "went to file the suit it was some paper I read stating all the reason[s] I could be right." *Id.* Plaintiff asserts that she "deserve[s] this Social Security[,] not because my time was correct or on time, but I can't do the things I used to." *See id.* at 2.

Plaintiff's response offers no explanation as to why this action was not timely filed. Plaintiff has not argued that she received the Notice of Appeals Council Action more than five days

---

[2] The sixtieth day was September 30, 2012, which was a Sunday. Therefore, the deadline was extended until Monday, October 1, 2012.

3

after date on the notice. Furthermore, while Plaintiff argues that she suffers hardships and should be entitled to social security, she does not set forth any exceptional circumstances which prevented her from filing this suit on time. Plaintiff merely makes the general claim that "the date was correct" when she went to file her civil suit. As the Fourth Circuit has explained, equitable tolling "will rarely be appropriate." *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986). Moreover, its principles "do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Court agrees with the Magistrate Judge that this action is untimely and Plaintiff has not set forth any exceptional circumstances warranting equitable tolling.

The Court has thoroughly reviewed the entire record and agrees with the Magistrate Judge that Defendant's motion should be granted. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. **IT IS THEREFORE ORDERED** that Defendant's motion to dismiss is **GRANTED** and this case is **DISMISSED**.

**IT IS SO ORDERED.**

                                                       s/ R. Bryan Harwell
                                                       R. Bryan Harwell
                                                       United States District Judge

August 26, 2014
Florence, South Carolina